CORRECTED SUMMARY ORDER
Xiu Zi Zhao petitions for review of the BIA March 31, 2005 decision affirming the decision of an immigration judge (“IJ”) denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the *377 underlying facts and procedural history of the case.
When the BIA issues a short opinion that primarily recounts the decision of an IJ, we review the IJ’s decision rather than the BIA’s. See Secaida-Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the factual findings of an IJ under the substantial evidence standard, and, as such, “a finding will stand if it is supported by ‘reasonable, substantial, and probative’ evidence in the record when considered as a whole.” Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000). Factual findings may be overturned only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004).
In this case, the IJ’s adverse credibility determination was substantially supported by the numerous significant implausibilities in Zhao’s sworn statement and testimony, particularly the fact that Zhao and her husband lived for 11 years in China following the birth of their second child without any birth control measure being imposed on either one of them. Furthermore, the IJ and BIA relied upon Zhao’s failure to present any letter or statement from her husband to corroborate her story as a factor weighing against her credibility. The lack of corroborative evidence was a proper factor in making the adverse credibility determination because it was not the sole reason for the agency’s determination. Diallo, 232 F.3d at 287. Finally, although Zhao offers explanations for the implausibilities in her account, the IJ was not compelled to accept them. See Dong v. Ashcroft, 406 F.3d 110, 111 (2d Cir.2005).
Finally, Zhao has waived any challenge to the IJ’s denial of CAT relief by failing to adequately address this issue in her brief before this Court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this proceeding is DENIED as moot.